**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY T. ARMITAGE, et al.,

    Plaintiffs,

    v.

DEUTSCHE BANK AG, et al.

    Defendants.
_____/

No. C 05-3998 PJH

**ORDER GRANTING MOTION TO REMAND**

Before this court is plaintiffs' motion to remand this matter to San Francisco County Superior Court. Having carefully read the parties' papers and considered the relevant legal authority, the court hereby rules as follows.[1]

## BACKGROUND

The instant action was filed by numerous plaintiffs in state court, in the County of San Francisco, on August 25, 2005. Plaintiffs are numerous individuals and investment entities ("Armitage" et al.), all of whom participated in various investment strategies and tax shelters allegedly recommended and provided by the defendants, Deutsche Bank AG et al. ("Deutsche Bank"). Plaintiffs assert that defendants unlawfully and fraudulently provided bad advice and information to plaintiffs regarding the investment strategies in question, thereby inducing plaintiffs to participate in the strategies, which ultimately caused them to incur liability to the IRS.

---

[1] This court finds the motion appropriate for decision without further oral argument, as permitted by Civil L.R. 7-1(b) and Fed. R. Civ. P. 78. See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991) (holding that the court's consideration of the moving and opposition papers is deemed an adequate substitute for a formal hearing), cert. denied, 503 U.S. 920 (1992). Accordingly, the November 16, 2005 hearing date is VACATED.

On September 2, 2005, plaintiffs filed an amended complaint. Specifically, the complaint alleges claims for: (1) unjust enrichment; (2) breach of contract and breach of the duty of good faith and fair dealing; (3) breach of fiduciary duty; (4) fraud; (5) negligence; (6) negligent misrepresentation; (7) declaratory judgment; (8) civil conspiracy; and (9) unfair business practices under California Business and Professions Code § 17200.

Defendants timely removed the case, on grounds that plaintiffs' complaint raises a federal question under 28 U.S.C. § 1331. Specifically, defendants assert that "substantial disputed issues of federal tax law are necessary elements" of plaintiffs' claims, that plaintiffs' claims necessarily turn on the interpretation of the federal tax code, and that federal subject matter jurisdiction over the tax issues in this case is mandated by the Supreme Court's recent decision in Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 125 S. Ct. 2363 (June 13, 2005).

Plaintiffs filed the instant motion to remand the case to state court, asserting that no federal issues are actually in dispute, and contesting application of Grable to the facts of this case.

**DISCUSSION**

A.   Legal Standard

The removing party bears the burden of establishing that removal is proper. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). The removal statutes are construed restrictively, and doubts about removability are resolved in favor of remanding the case to state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Guas v. Miles, Inc., 980 F.2d 564 (9th Cir. 1992). There is a strong presumption in favor of remand. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996).

Federal question jurisdiction is normally invoked when a plaintiff pleads a cause of action created by federal law. However, federal question jurisdiction will be recognized despite the presence of state causes of action, wherever those state law claims implicate significant federal issues. Grable, 125 S.Ct. at 2366-67.

B.    Legal Analysis

Neither party disputes that the instant motion is governed by the Supreme Court's recent decision in Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, or that the outcome of the motion turns on subsequent interpretations of Grable.

In Grable, the Supreme Court addressed the same category of federal question jurisdiction at issue here – i.e., whether state law claims that raise federal tax issues trigger federal question jurisdiction such that removal is appropriate. 125 S. Ct. 2363. The Supreme Court held that federal question jurisdiction was appropriate in a state action to quiet title, where the sole issue in the case was whether the plaintiff had received adequate notice of his property's foreclosure sale from the IRS, under the standards required by the federal tax statutes. In resolving the inquiry, the Grable court enunciated the following standard: federal question jurisdiction exists, despite the presence of state law claims, where a state law claim necessarily raises a stated federal issue that is actually disputed and substantial, and which the federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. Id. at 2368.

Defendants assert that this standard, which controls here, is satisfied because plaintiffs' claims are premised on certain IRS notices and necessarily dispute, and require interpretation of, the federal tax code. Plaintiffs, for their part, argue that interpretation of the federal tax code is not a necessary element of their claims; the proper interpretation of the IRS notices at issue has already been determined (since IRS liability and penalties have already been assessed against plaintiffs), and the only issue now is whether defendants can be held liable for the assessments against plaintiffs.

A review of post-Grable decisions suggests that plaintiffs, rather than defendants, are correct. While the Ninth Circuit has not yet had occasion to consider Grable, the northern district has done so in two cases: In re Circular Thermostat, 2005 WL 2043022 (N.D. Cal. Aug. 24, 2005), and Baker v. Seidman, 2005 WL 2387494 (N.D. Cal. Sept. 29, 2005). The Second Circuit, too, recently considered Grable, in Broder v. Cablevision Systems Corp., 418

3

F.3d 187 (2d Cir. 2005).

In <u>Broder</u>, the Second Circuit dealt with a class action complaint brought by a plaintiff class against a cable provider, in which plaintiffs alleged that the cable provider had (1) breached its contract with customers by failing to provide them with uniform rates; and (2) failed to provide cable customers with uniform rates as required by federal statute. The Second Circuit affirmed the district court's denial of plaintiff's motion to remand, and held that under <u>Grable</u>, federal question jurisdiction existed because the resolution of the federal statute was a necessary and substantially disputed part of plaintiffs' claim that the provider had failed to comply with the uniform rate statute (the court interpreted plaintiffs' allegation that the provider had violated the uniform rate statute as an independent claim being asserted, even though it was originally alleged as part of the breach of contract claim).

By contrast, in <u>In re Circular Thermostat</u>, an MDL action, the northern district came to the opposite conclusion. There, the court considered removal jurisdiction over state causes of action that alleged, for the most part, state antitrust violations against defendant thermostat manufacturer. As part of their claims, however, plaintiffs also alleged that defendant's anticompetitive conduct included deceiving the US Patent and Trademark Office into registering defendant's trademark (thereby making such trademark invalid). In analyzing removal jurisdiction under <u>Grable,</u> the court held that while trademark validity would no doubt be a large part of the proceedings in the underlying actions, federal questions of trademark law were not a *necessary* element of plaintiffs' state claims. This is because, while the trademark allegations did go to defendant's anticompetitive conduct, an alternative non-trademark theory of anticompetitive conduct was also possible: plaintiffs had alleged, in addition to the trademark issues, the fact that defendant had suppressed competition by purchasing at least one rival thermostat manufacturer. Accordingly, where the federal issue was necessary only to a particular <u>theory</u> underlying plaintiffs' causes of action, and not necessary to the whole cause of action itself, no federal question jurisdiction attached. <u>See</u> 2005 WL 2043022 at ** 5-7. Remand was ordered.

4

This reasoning was followed in Baker v. Seidman. There, the court analyzed removal jurisdiction under a fact pattern strikingly similar to the one here. Plaintiffs, a group of six investors, had hired defendants to provide tax services and investment advice. In their complaint against defendants, plaintiffs alleged (1) that defendants had knowingly advised plaintiffs to invest in illegal tax shelters and (2) that defendants should have disclosed to plaintiffs certain IRS notices and warnings that defendants had received regarding illegal tax shelters. See 2005 WL 2387494 at * 1. As here, plaintiffs there alleged causes of action for negligence, breach of fiduciary duty, fraud and deceit, misrepresentation, and section 17200 violations, among others.

In analyzing removal jurisdiction post-Grable, the Baker court held that the two primary allegations of plaintiffs' complaint – that defendant knowingly gave incorrect tax advice, and that defendants should have disclosed the IRS information to plaintiffs – were alternative and independent theories of liability underlying plaintiffs' causes of action (as opposed to separate legal claims for relief). As such, plaintiffs' complaint could be resolved without interpretation of federal law, and no resolution of a federal question was necessary. This is because, as an alternative and independent theory of liability, plaintiffs could succeed on their underlying claims by proving only the second allegation, i.e. that defendants should have disclosed the IRS information to plaintiffs, without reaching the merits of plaintiffs' first allegation, i.e. whether defendants knowingly gave incorrect tax advice (a theory that *would* require interpretation of federal law). In so holding, the court held that as a result, and as was the case in In re Thermostat, no federal question jurisdiction resulted, and remand was appropriate.

The Baker court acknowledged the Second Circuit's contrary holding in Broder, but held that In re Thermostat controlled instead, given that the Ninth Circuit's general approach to determining whether one or multiple claims are alleged is less expansive than the second circuit's. Moreover, continued the Baker court, the In re Thermostat approach is more consistent with the presumption against removal that exists.

The court can discern no reason why this motion should be decided differently than

5

those in In re Thermostat and Baker, particularly given the similarity of the instant facts to Baker. Indeed, a close reading of plaintiffs' complaint here reflects that plaintiffs' allegations are essentially the same ones that the plaintiffs made in Baker: plaintiffs in essence claim that defendants knowingly provided incorrect tax advice, and failed to disclose the IRS notices in question. Moreover, while true that the IRS notices at issue here may be a large part of the proceedings, it is also true that interpretation of the tax issues in question is not a *necessary* part of the proceedings: first, and to the extent the IRS notices have become actual regulations with retroactive force, their proper interpretation has already been made as a matter of law. Second, under the reasoning of both In re Thermostat and Baker, plaintiffs' claims can succeed on the mere theory that defendants failed to advise them of the IRS notices and that defendants did so knowingly; this does not in turn involve questions of federal law interpretation. Finally, much of the fraud and misconduct that plaintiffs allege does not have to deal specifically with the IRS notices, but rather with other fraudulent actions and misrepresentations that, if credited, would also independently support liability. See generally First Amended Complaint at pp. 54-84.

As such, federal tax issues are not a necessary part of plaintiffs' claims, and federal question jurisdiction is not invoked under Grable. Accordingly, plaintiffs' motion to remand is GRANTED.

**IT IS SO ORDERED.**

Dated: November 14, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge